# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-638V
Filed: March 20, 2014
Not for Publication

```
*************************************
LAURA ANN JACQUES,                   *
                                     *
              Petitioner,            *
                                     *         Damages decision based on
v.                                   *         stipulation; influenza vaccine;
                                     *         shingles; fees and costs decision
SECRETARY OF HEALTH                  *         based on stipulation
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
*************************************
```

Jay A. Bansal, Tempe, AZ, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS [1]

      On March 20, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered from shingles as a result of her receipt of influenza vaccine on September 25, 2012. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Respondent denies that petitioner's shingles, or any other injury, was caused in fact by the influenza vaccine and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

The court finds the terms to be reasonable, hereby adopts the parties' stipulation, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the court awards a lump sum of **$55,000.00**, representing all damages that would be available under 42 U.S.C. § 300aa–15(a) (2012).

The parties have also agreed on an appropriate amount for attorneys' fees and costs in this case.  Petitioner requests $11,431.75 in attorneys' fees and costs and $375.00 in petitioner's out-of-pocket expenses.  Respondent does not object to these amounts.  The undersigned finds these amounts to be reasonable.

Accordingly, the court awards:

a. a lump sum of **$55,000.00**, representing reimbursement for all damages that would be available under 42 U.S.C. § 300aa–15(a). The award shall be in the form of a check made payable to petitioner in the amount of **$55,000.00.**

b. a lump sum of **$11,431.75**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the Law Offices of Jay A. Bansal in the amount of **$11,431.75**.

c. a lump sum of **$375.00**, representing reimbursement for petitioner's out-of-pocket expenses.  The award shall be in the form of a check made payable to petitioner in the amount of **$375.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>March 20, 2014</u>                                                                                   /s/ Laura D. Millman
                                                                                                                  Laura D. Millman
                                                                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LAURA ANN JACQUES, ) | **ECF** |
| ) | |
| Petitioner, ) | No. 13-638V |
| ) | Special Master |
| v. ) | Laura D. Millman |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Laura Ann Jacques, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on September 25, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she developed Shingles, which was caused-in-fact by the flu vaccine. Petitioner further alleges that she suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's Shingles, or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $55,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a); and

   b. A lump sum of $11,431.75 in the form of a check payable jointly to petitioner and petitioner's attorney, Jay A. Bansal, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and,

   c. A lump sum of $375.00 representing petitioner's out-of-pocket expenses incurred in proceeding on the petition.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C.§ 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on September 25, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about September 3, 2013, in the United States Court of Federal Claims as petition No. 13-638V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged Shingles, or any other injury, or that her current disabilities are sequelae of her alleged vaccine-related injuries.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Laura Ann Jacques*
LAURA ANN JACQUES

| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| */s/ Jay A. Bansal* | */s/ Vincent J. Matanoski* |
| JAY A. BANSAL, ESQ. | VINCENT J. MATANOSKI |
| 1400 East Southern Avenue, Ste. 620 | Deputy Director |
| Tempe, AZ 85210 | Torts Branch |
| Tel: (480) 820-9090 | Civil Division |
|  | U. S. Department of Justice |
|  | P. O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C. 20044-0146 |

| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
|---|---|
| */s/ Vito Caserta* | */s/ Lisa A. Watts* |
| VITO CASERTA, M.D., M.P.H. | LISA A. WATTS |
| Acting Director, Division of Vaccine Injury Compensation (DVIC) | Senior Trial Attorney |
| Director, Countermeasures Injury Compensation Program (CICP) | Torts Branch |
| Healthcare Systems Bureau | Civil Division |
| U.S. Department of Health and Human Services | U. S. Department of Justice |
| 5600 Fishers Lane | P. O. Box 146 |
| Parklawn Building, Stop 11C-26 | Benjamin Franklin Station |
| Rockville, MD 20857 | Washington, DC 20044-0146 |
|  | Tel: (202) 616-4099 |

DATE: **3-20-2014**

5